## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TANYA McCLENDON,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No. 8:14-cv-1651-T-23TBM**

**CAROLYN W. COLVIN,**
**Commissioner of Social Security,**

        **Defendant.**

_____/

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on **Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d)** (sic) (Doc. 22).  Upon review and consideration, it is recommended that Plaintiff be awarded **$6,316.80** in attorney's fees.  This amount is to be paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

I.

Plaintiff filed applications for Social Security disability benefits and Supplemental Security Income payments, which were denied initially and upon reconsideration.  The ALJ conducted a hearing and denied Plaintiff benefits, and the Appeals Council denied review.  Subsequently, the Plaintiff filed this action seeking judicial review.  On July 30, 2015, this Court reversed the Commissioner's decision and remanded the case for further proceedings.  (Doc. 20).  On July 31, 2015, Judgment was entered in favor of Plaintiff.  (Doc. 21).

II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Three conditions must be established before an award under the EAJA is appropriate.  First, the claimant must file a timely application for fees.  This requires the fee application to be filed within thirty days of the final judgment.  Second, the claimant must qualify as the prevailing party.  Third, the government's positions must not be "substantially justified" and no other special circumstances exist to make an award unjust.  *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).

The first requirement, that the fee application be filed within thirty days of the final judgment, is jurisdictional in nature.  *See* 23 U.S.C. § 2412(d)(1)(B); *Myers*, 916 F.2d at 666 (citing *Haitian Refugee Ctr. v. Meese*, 791 F.2d 1489, 1494 (11th Cir.), *vacated in part on other grounds on reh'g*, 804 F.2d 1573 (11th Cir. 1986)).  A "final judgment" is one that is no longer appealable.  *See* 28 U.S.C. § 2412(d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  Since a judgment is no longer appealable sixty days after entry of judgment in Social Security actions, a plaintiff has ninety days from the date of entry of judgment in which to file for EAJA fees.  *See* Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672.  Here, judgment is final and Plaintiff's motion for fees is ripe for consideration.

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  Because this Court

2

remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under *Schaefer*, is the prevailing party.  Furthermore, upon consideration, the government's position was not substantially justified in this case, and the Commissioner does not contend otherwise.  Therefore, an award of fees under the EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate.  *Andrews v. United States*, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate.").  The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412(d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").  Here, Plaintiff seeks a fee totaling $6,738.00 based on 27.60 attorney hours worked in 2014 and 7.8 attorney hours in 2015 at an enhanced rate of $190.00 per hour, and .20 hours of paralegal hours worked in 2015 at $60.00 per hour.  Plaintiff bases this calculation on her computation of cost of living increases from the 1996 EAJA amendments to the time the work was performed.

As for the prevailing market rate for work of this type during the relevant time period, such is not subject to a precise calculation.  In my experience handling hundreds of Social Security appeals, counsel submitting EAJA fee applications for work performed during and after 2006 typically have sought hourly rates ranging from $125.00 per hour to in excess of

$195.00 per hour based on increases in the cost of living.  More recently, competent counsel fairly uniformly have sought fees under EAJA which suggest market rates near $170.00 per hour.  In any event, the rate charged by competent attorneys in this market has exceeded the statutory cap for some time and I have determined it appropriate to award successful claimants fees at an enhanced rate to account for increases in the cost of living.  I find the enhanced rates justified based on economic factors and the recognition that counsel handling Social Security cases perform a valuable service to often needy individuals in dire circumstances.  As a consequence, for work performed in 2014, I have granted awards at an enhanced rate of $177.00 per hour, *see Hannah v. Colvin*, Case No. 8:13-cv-1082-T-24TBM (M.D. Fla. Oct. 1, 2014), and for work from 2015 forward, I have granted awards at an enhanced rate of $182.00 per hour, *see Oliver v. Colvin*, Case No. 8:13-cv-2614-T-TBM (M.D. Fla. Aug. 18, 2015).[1]  Here, Plaintiff's counsel performed a total of 27.60 hours of work in 2014 and 7.80 hours of work in 2015, and claims .20 hours of paralegal work in 2015. *See* (Doc. 22).

In this case, I find the hours expended by counsel to be at the high end of the hours usually spent on such appeals.  That said, based on the work performed, I cannot say that such total is unreasonable.  Consistent with my previous rulings regarding enhanced fees in Social Security cases, Plaintiff's counsel is entitled to an hourly rate of $177.00 for work in 2014 and $182.00 for work performed in 2015.

---

[1]Suffice it to say that counsel performing this type of work propose a variety of cost of living adjustments based on differing calculations.  The adjustments made herein are within the range proposed by such counsel.

III.

For these reasons, it is **RECOMMENDED** that **Plaintiff's Petition for Attorney Fees** (Doc. 22) be **GRANTED** to the extent that Plaintiff is awarded attorney's fees in the amount of **$6,304.80** and paralegal fees in the amount of **$12.00**.  In accord with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), it is **RECOMMENDED** further that the Commissioner's remittance of this amount shall be made payable to Plaintiff.  If the government concludes that Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to Plaintiff's attorney.

Respectfully submitted on this
22nd day of October 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge, Steven D. Merryday
Counsel of Record