**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TANYA MCCLENDON,**

      **Plaintiff,**

**v.**                                          **Case No. 8:14-cv-1651-T-23TBM**

**CAROLYN W. COLVIN, Acting
Commissioner of the United States
Social Security Administration,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on **Plaintiff's Petition and Memorandum For Reasonable Attorney's Fees Pursuant to 42 U.S.C. § 406(b)** (Doc. 27).

**I.**

By way of background, this Court entered Judgment for Plaintiff in July 2015, reversing the decision of the Commissioner and remanding the case for further proceedings. (Docs. 20, 21). In November 2015, Plaintiff's counsel was awarded attorney's fees of $6,316.80 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(D)(2)(A), for her work before this Court. (Doc. 26).

Plaintiff received a fully favorable decision on remand. By notice dated June 8, 2016, Plaintiff was awarded past-due benefits in the amount of $73,143.00. (Doc. 27-2 at 3). The notice also stated that the Social Security Administration ("SSA") was withholding twenty-five percent of the past due benefits – $18,285.75 – to pay Plaintiff's representatives. *Id.* at 5.

According to Plaintiff's counsel, she "has received the administrative fee in the amount of $6,000.00." (Doc. 27 at 4). It appears that amount was paid pursuant to 42 U.S.C. § 406(a) for work performed at the administrative level.

Plaintiff's counsel now seeks an award of fees under 42 U.S.C. § 406(b). Specifically, she seeks an Order approving an award of attorney's fees in the total amount of $18,285.75, pursuant to 42 U.S.C. § 406(b)(1). In support, counsel states that (1) she entered into a written agreement with Plaintiff providing for a contingent fee of twenty-five percent of all past-due benefits awarded; (2) Plaintiff was awarded $73,143.00 in past due benefits on remand; (3) the fee sought – $18,285.75 – is twenty-five percent of that award; and (4) the instant motion was filed timely, pursuant to *In re: Procedures for Applying for Attorney's Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012), which requires that a § 406(b) motion be filed no later than thirty days after the date of the award letter.[1] (Doc. 27 at 2-3).

Counsel represents that the Commissioner opposes the motion. The Commissioner has not otherwise responded to the motion.

---

[1] The timeliness requirement of Fed. R. Civ. P. 54(d)(2) applies to a motion for attorney fees under § 406(b). *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Given the difficulty of integrating the fourteen-day requirement of Rule 54(d)(2) into the procedural framework of a fee award under 42 U.S.C. § 406, it has been suggested that the district courts fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these circumstance. *See Blitch v. Astrue,* 261 F. App'x 241, 242, n.1 (11th Cir. 2008).

**II.**

An attorney for a successful benefits claimant may be awarded attorney's fees under either the Social Security Act, 42 U.S.C. § 406, or the EAJA. Although Plaintiff seeks fees under § 406(b), a brief discussion of each of the statutory provisions is useful.

Section 406 of the Social Security Act provides for two types of fee awards, both of which are paid from the claimant's past-due benefits. Section 406(a) authorizes fees for representation at the administrative level. Fees awarded under this section are capped at 25% of that amount or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A), (C). Section 406(b) authorizes fees for representation in federal court. Fees awarded under this section also are capped at 25% of that amount. 42 U.S.C. § 406(b)(1)(A). Where an attorney receives a fee award pursuant to section 406(a) for administrative work and section 406(b) for work before a court, the aggregate of the fees cannot exceed 25% of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970);[2] *Paltan v. Comm'r of Soc. Sec.*, 518 F. App'x 673, 674-75 (11th Cir. 2013) (providing that district court followed binding circuit precedent in imposing a 25% cap on attorney's fees under § 406(a) and § 406(b) in the aggregate"); *Bookman v. Comm'r of Soc. Sec.*, 490 F. App'x

---

[2]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

314, 316 (11th Cir. 2012);[3] *accord Morris v. Soc. Sec. Admin.*, 689 F.2d 495, 497-98 (4th Cir. 1982).[4]

Under the EAJA, a claimant can also seek fees for work by the claimant's attorney in federal court.[5] Unlike an award pursuant to § 406(a) and §406(b), an EAJA fee award comes directly from the government agency involved in the suit; it is not taken from the claimant's past-due benefits.[6] The EAJA also prevents an attorney from obtaining a "double recovery" under the EAJA and section 406(b) for the same work. Under what is commonly referred to as EAJA's Savings Provision, an attorney who receives funds under both statutes is required to refund the amount of smaller fee to his or her client. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271-73 (11th Cir. 2010).

---

[3] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

[4] The circuit courts of appeals are split on the issue. Contrary to the Fourth and Fifth Circuits, the Sixth, Ninth, and Tenth Circuits hold that § 406(b)'s cap on attorney's fees applies only to fees awarded under § 406(b), and does not limit the combined fees awarded under both § 406(a) and § 406(b). *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994); *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008); *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 936 (10th Cir. 2008). Although the Eleventh Circuit has not addressed this in a published opinion, pursuant to *Dawson*, it remains the law in this Circuit that fees awarded under § 406(a) and § 406(b) for representation before the Commissioner and the court may not exceed the 25% limit.

[5] The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

[6] Moreover, EAJA fees are not determined by the amount of benefits recovered; rather, they are determined by the time expended and the attorney's hourly rate, capped at $125.00 per hour. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

Resolution of Plaintiff's instant motion is considered against the backdrop this statutory framework.

### III.

For the reasons that follow, Plaintiff's Petition and Memorandum For Reasonable Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 27) should be granted in part and denied in part.

Section 406(b) provides, in relevant part, that:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b).

The statute provides further that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id.* at (b)(2). As such, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a contingency agreement between the attorney and the client. In considering the fee proposed, the court must determine whether fee sought is (1) not more than 25% of the past-due benefits, and (2) reasonable.[7] *Gisbrecht*, 536 U.S. at 807-07.

---

[7]While § 406(b) does not displace contingent fee agreements, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *See Gisbrecht,* 535 U.S. at 807.

5

Here, the § 406(b) fee amount sought by counsel exceeds 25% of Plaintiff's past-due benefits. The SSA computed 25% of Plaintiff's past-due benefits to be $18,285.75, which is the amount counsel requests. However, counsel states she has received fees in the amount of $6,000.00 for work performed at the administrative level. As indicated above, the sole vehicle for obtaining fees for work done before the Commissioner is § 406(a), and in this circuit, the total fee awarded under § 406(a) <u>and</u> § 406(b) cannot exceed twenty-five percent in the aggregate. *See Dawson*, 425 F.2d at 1195; *Paltan*, 518 F. App'x at 674-75.

Because counsel has already received $6,000.00 in fees pursuant to section 406(a), the entire 25% of the past-due benefits awarded Plaintiff – $18, 285.75 – is not available for an award of fees under § 406(b). Rather, the administrative fee must be deducted, which leaves available a total amount of $12,285.75 remaining for fees under § 406(b). Accordingly, counsel's request for an award of $18,285.75 under § 406(b) must be denied because the maximum fee counsel may be awarded for work before this Court is $12,285.75.

The reasons urged by counsel, albeit on a larger sum, demonstrate the reasonableness of that amount. Here, counsel undertook to represent Plaintiff on a contingency fee basis.[8] In addition, counsel has been diligent in the pursuit of Plaintiff's claims. While she has represented Plaintiff in this matter since 2011, there is no evidence of any delay attributable to counsel. Most

---

[8]Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client....'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. *Id.*; *see Gisbrecht*, 535 U.S. at 808.

significantly, the work performed by counsel produced positive results for Plaintiff. And, in light of the EAJA offset, Plaintiff will pay significantly less out of pocket. In sum, I find that a fee award of $12,285.75 is reasonable.

## IV.

Accordingly, pursuant to 42 U.S.C. § 406(b), I **RECOMMEND** that Plaintiff's motion (Doc. 27) be **GRANTED in part and DENIED in part**, and Plaintiff be awarded the amount of **$12,285.75**. Counsel may elect to (1) deduct the earlier EAJA fee award of $6,316.80 from that amount or (2) accept the full amount and refund the smaller EAJA fee award to Plaintiff. *See Green v. Comm'r of Soc. Sec.,* 390 F. App'x 873, 874 (11th Cir. 2010).

>  Respectfully submitted this
>  22nd day of December 2016.

>  THOMAS B. McCOUN III
>  UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable Steven D. Merryday, Chief United States District Judge
Counsel of record